IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECILIA M. PADILLA, as Personal
Representative of the Estate of
Gilbert R. Padilla, deceased, dba
Valle del Sol Construction,

              Plaintiff,

vs.                                          No. CIV 03-695 BB/LFG

WESTERN HERITAGE
INSURANCE COMPANY,

              Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO STRIKE
## EXPERT WITNESS DESIGNATION

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Expert Witness Designation of Lawrence Genalo [Doc. 52]. The Court considered the motion, response and reply and determines that oral argument is not necessary.

### Background

Pursuant to the Court's case management plan, Plaintiff was to disclose her experts and provide expert reports by October 22, 2003; Defendant was to disclose its experts and provide expert reports by November 21, 2003.

In accord with the case management plan, Plaintiff identified Dwight Grant as her expert witness on July 23, 2003 and timely provided a Rule 26 expert report. Defendant subsequently filed a motion to extend the discovery deadline [Doc. 17], and on December 12, 2003, the discovery deadline was extended by thirty days [Doc. 22]. It is undisputed that Defendant did not disclose Lawrence Genalo as an expert nor did Defendant provide a Rule 26(a)(2) report. Moreover, it is

undisputed that Defendant did not disclose Lawrence Genalo as a lay witness in its Rule 26 disclosures. Further, when Plaintiff served interrogatories and requests for production on Defendant inquiring about Defendant's witnesses and experts, Defendant did not disclose Genalo as witness.

In accord with the Court's case management plan, discovery closed on January 21, 2004, except for specified depositions which were previously noticed but could not be taken within the original discovery deadline.

On March 15, 2004, nearly two months after the close of discovery, Defendant supplemented its original answers to interrogatories and for the first time identified Lawrence Genalo as a witness. Defendant contends that it will seek to use Genalo's testimony to "rebut" Dwight Grant's expert opinion.

Defendant argues that Genalo is an accountant at Western Heritage and will be testifying not as an expert, but as a lay witness based on his factual knowledge of Western Heritage's financial status and worth. Defendant therefore contends that Genalo's rebuttal testimony is "rationally based on [his own] perception . . . ." Fed. R. Evid. 701, and that while he may incidently possess expertise, he is not testifying as an expert in this proceeding.

## Analysis

The mandatory disclosure requirements of Rule 26 are intended to ensure that expert disclosures are provided well in advance of the discovery deadline so that, armed with an opponent's reports, parties can proceed to take the expert's deposition prior to the close of discovery. Being apprised of the opinions that will be offered at the time of trial better assists the parties in evaluating a case for settlement or, in the alternative, if the matter cannot be settled, to be prepared to meet the proofs at the time of trial. In Nyugen v. IBP, Inc., 162 F.R.D. 675, 681 (D. Kan. 1995), the court held that "[t]he requirements of 26(a) are mandatory as to any expert retained to testify. If the expert

is unable or unwilling to make the disclosures, he should be excluded as a possibility for retention as an expert witness in the case." Witness Genalo did not comply with the mandatory requirements of Rule 26(a), and, therefore, he will not be permitted to testify as an expert witness.

Defendant's position that Genalo, a lay witness, need not comply with the Rule 26(a) mandatory requirements is not persuasive. In support of this argument, Defendant cites Fed. R. Evid. 701. However, the amendments to Fed. R. Evid. 701 in 2000 were intended to avoid this very situation. That amendment imposed a further requirement that the lay witness' testimony "not [be] based on scientific, technical or other specialized knowledge within the scope of Rule 702." [Amended December 1, 2000].

In explaining this amendment, the Advisory Committee Notes state:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert testimony to the extent that the witness is providing testimony based on scientific, technical or other specialized knowledge within the scope of Rule 702. *See generally* Asplundh Mfg. Div. v. Benton Harbor Engineering, 57 F.3d 1190 (3rd Cir. 1995). By channeling expert testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a lay person. *See* Joseph, Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 97, 108 (1996)(noting that "there is no good reason to allow what is essentially surprise expert testimony," and that "the court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process").

The kind of testimony that Genalo anticipates presenting would be based on technical or specialized knowledge, that is, on his background, training and experience as an accountant. It is the kind of testimony that is routinely presented by an expert under Fed. R. Evid. 702. Moreover, this is the very

3

type of testimony that cannot be presented by a lay witness under the amended Evidence Rule 701.

Finally, Defendant argues that Genalo should be permitted to testify as a rebuttal witness. The difficulty with this argument is that Defendant was apprised of what Grant's testimony would be in the fall of 2003 when it received his expert report. Defendant had a right and opportunity to designate an expert to counter Grant's testimony and chose not to do it. Defendant cannot claim surprise at the proposed testimony as it has had Plaintiff's expert report in hand since October 2003 and could reasonably have anticipated the need to have a witness counter that testimony. Here, no good reason has been offered as to why the witness was not designated until well after the close of discovery.

In Nalder v. West Park Hospital, 254 F.3d 1168, 1178-79 (10th Cir. 2002), the circuit court outlined the four factors to consider in determining whether to allow testimony of undisclosed witnesses. The first factor is prejudice or surprise in fact of the party against whom the excluded testimony is being offered. Here, while Plaintiff is not surprised by the witness' identity, she will be surprised by the witness' testimony. As indicated, no prior expert report was presented and Plaintiff was not apprised of the identity of the witness and the subject of his testimony until mid-March 2004. So, too, the notification of this new witness came nearly two months after the close of discovery and the Court has already entered an order denying a request to extend discovery [Doc. 26].[1] Thus, presentation of the testimony would be prejudicial to Plaintiff.

The second factor is a party's ability to cure potential prejudice. Trial is scheduled for June 14, 2004. Thus, there are only approximately 24 days available prior to the trial. The district's local rule contemplates a 14-day notice period for depositions unless the time limit is shortened by the

---

[1] Defendant notes that it offered to make Genalo available for a deposition, but that Plaintiff declined as the discovery deadline elapsed.

court. Taking the witness' deposition at this stage would be difficult although not impossible. Thus, there would be an opportunity to cure.

The third factor is the extent to which waiver of the rules against calling the witness would disrupt or otherwise affect the trial. There is that potential. If the Court authorizes a witness and his deposition, and if the parties are unable to make the witness available prior to trial, trial proceedings themselves may be delayed so as to allow for the deposition. This factor weighs in favor of not permitting the testimony.

The last factor is whether there was bad faith. The Court finds no bad faith present. The failure to promptly secure an expert or to disclose Genalo is likely due to inadvertence.

While the Court has discussed the "surprise witness" factors as outlined in Nalder, the problem of using an expert dressed in a lay witness' clothing as discussed in the Advisory Committee Notes, *supra*, cannot be overcome. Therefore, in the exercise of the Court's discretion, the Court determines that good cause has not been presented to authorize Lawrence Genalo to testify. For these reasons, the Court GRANTS Plaintiff's motion to strike.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge